**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06-CV-00202-R**

**JUNE BAKER WORD**                                                                                    **PLAINTIFF**

v.

**FREIDA GILFORD, Director**
**of Christian County Animal Shelter** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, June Baker Word, filed this civil action against Freida Gilford, Director of the Christian County Animal Shelter, and Steve Tribble, Christian County Judge Executive. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will dismiss Plaintiff's complaint for the reasons set forth below.

**I.  SUMMARY OF CLAIMS**

At the beginning of her complaint, Plaintiff states that Defendants have committed acts of "elderly and handicapped discrimination" and that she is "being punished for a crime for which [she has] never been charged."  On June 1, 2006, Plaintiff and her daughter took 12 cats, 4 dogs, a rabbit, and a guinea pig to the Christian County Animal Shelter because they had been evicted from their home.  Accordingly to Plaintiff, Defendant Gilford had offered to care for the animals for a few days while Plaintiff and her daughter searched for a new place to live.  Afterwards, Plaintiff claims that Defendant Gilford filed animal abuse charges against Plaintiff's daughter and refused to return to the animals to Plaintiff.  Plaintiff claims that she has discovered that Defendant Gilford manufactured the abuse charges because she wanted the "pure breds" for herself.  Plaintiff requests the Court to order that the animals be returned to her, award her

"expenses for the animals while they are kept from [her]," and any court costs or fees related to this suit.

## II. ANALYSIS

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although Plaintiff states that the basis of her claim arises out of age and disability-related discrimination, nowhere does Plaintiff actually allege that her age and disabled status were the motivating factors behind Defendant Gilford's decision to seize the animals.  To the contrary, Plaintiff suggests that the animals were removed because Defendant Gilford wanted them for her own financial gain.  Therefore, at most, Plaintiff has alleged the wrongful taking of her property.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*,

451 U.S. 527 (1981), *rev'd on other grounds by, Daniels v. Williams,* 474 U.S. 327 (1986).  In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt,* 451 U.S. 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).   The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation.  *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

> As explained by Justice O'Connor,
>
> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause.  The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings.  The due process requirement means that Government must provide to the inmate the remedies it promised would be available.  Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred.  Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate.  When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.
>
> *Hudson*, 468 U.S. at 539 (citations omitted).

Here, Plaintiff has failed to allege that there are inadequate state remedies available

through which she can either seek return of or compensation for the fair market value of the animals.[1]  As such, Plaintiff cannot maintain a federal cause of action against Defendants for taking the animals.  Therefore, the Court must dismiss this action for failure to state a claim.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     Christian County Attorney

4413.008

---

[1] The Court is mindful that many pet owners, like Plaintiff, consider their pets to be much more than mere property.  However, under state law dogs and cats are considered to be items of property, and state law provides for compensation for the wrongful/unauthorized destruction of such animals.  *See Duff v. Louisville & Nashville Railroad Company*, 292 S.W. 814 (1927); *Ammon v. Welty*, 113 S.W.3d 185, 187 (Ky. Ct. App. 2002) ("A dog is property, not a family member.").